### HARRISON v. ONE THOUSAND BAGS OF SUGAR.

*(Circuit Court, E. D. Pennsylvania. May 27, 1891.)*

1. CHARTER-PARTY—CONSTRUCTION.
    Matter expunged from a printed form, used in drawing up a charter-party, can be considered in determining the intention of the parties thereto.
2. SAME.
    A charter-party which provides that "freight" is to be paid "upon the unloading and right delivery of the cargo," "on intake weight," binds the charterer to pay freight on the whole cargo taken on board, although a portion of it was damaged, without the ship's fault, by an excepted peril, and sold on the voyage, when the remaining portion is rightly delivered, especially where the words "on intake weight" are substituted for the printed word "delivered," in drawing up the instrument.

In Admiralty. On appeal from district court. 44 Fed. Rep. 686, affirmed.

The steamer Weatherby was chartered by the claimant to carry a cargo of sugar from Hamburg to Philadelphia. On the voyage over half of the cargo was damaged by collision, an excepted peril, without fault of the ship, and was sold for the benefit of the charterer, who was also consignee. The latter paid freight on the portion delivered, but refused to pay freight on the portion damaged, and sold in the district court. A decree was entered against appellant for freight on all cargo taken on at Hamburg.

*Morton P. Henry*, for appellant.

*Curtis Tilton* and *John F. Lewis*, for appellees.

ACHESON, Circuit Judge. This suit is for the recovery of an alleged balance of freight due under a charter-party, whereby the steam-ship Weatherby was to be provided with a full cargo of sugar at Hamburg, to be transported thence to Philadelphia, perils of the sea excepted. Part of the cargo having been damaged by an excepted peril, without fault of the ship, was sold on the voyage for the benefit, and with the knowledge and assent, of the owners of the cargo. All the balance of the cargo was delivered at Philadelphia. The question here in litigation is whether freight is to be paid upon the entire cargo shipped, or only upon that portion which was delivered. The case turns altogether upon the construction of the charter-party. In making the contract the parties used the ordinary printed form of a freighting charter-party for the full capacity of the vessel, the printed clause, providing for the payment of freight, reading thus: "The freight to be paid on unloading and right delivery of the cargo at and after the rate of ——— per ton of 20 cwt. delivered." The printed word "delivered" was struck out by running the pen through it, and the words "on intake weight" were interlined in writing, so that the completed clause reads: "The freight to be paid on unloading and right delivery of the cargo at and after the rate of nine shillings per ton of 20 cwt. on intake weight." In the district court it was held that the contract bound the charterer to pay freight on the entire cargo taken in. The authorities bearing upon the subject are cited, and the case is carefully treated by Judge BUTLER in his opinion to be found in 44 Fed. Rep. 686. After an attentive examination of the authorities and serious reflection, I am satisfied that the decision of the district court rests upon a sound interpretation of the charter-party. Undoubtedly, for the purpose of ascertaining the real intention of the parties, it is competent for the court to look at what the printed form originally was, and to consider as well the word struck out as the words introduced. *Strickland* v. *Maxwell*, 2 Cromp. & M. 539. Now, I can come to no other conclusion than that the printed clause, as originally framed, was intended to limit the payment of the freight to so much of the cargo as was delivered. This, indeed, was the plain effect of the word "delivered," in the connection in which it stood. Why, then, was it stricken out, unless the parties intended that the freight should be paid on the intake weight of the whole cargo? The suggestion that the purpose of the alteration was simply to meet any discrepancy (if such there

should be) between the shipping and delivery weights, and secure the ship-owner freight calculated on the intake weight at Hamburg, seems to me to rest upon a conjecture which is wholly unsupported by any fact. Clearly, that purpose did not require the erasure of the word "delivered." The great difficulty in the way of accepting the construction insisted upon by the respondent is that the court is virtually asked to restore to the charter-party a material word which the contracting parties expunged, it must be presumed, intentionally and deliberately. But this we are not at liberty to do; and, giving to the act of the parties its legitimate effect, we must conclude that the clause, as it now stands, was meant to provide for the payment of full freight on the intake weight of the cargo. Nor does the provision that the freight is "to be paid on unloading and right delivery of the cargo" create any obstacle to a decree in the favor of the libelant; for, in the analogous cases of "lump-sum" freights, the principle has long been established that the cargo is rightly delivered if all of it not covered by any exception in the contract is delivered. *Shipping Co.* v. *Armitage*, L. R. 9 Q. B. 99. The decree of the district court must be affirmed; but in the decree to be entered in this court credit must be given for any dividend which may have been received by the libelant since the decree of the district court in the proceedings to limit the liability of the owners of the steamer Sultan.